UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

# 23-20335-CR-SCOLA/GOODMAN

CASE NO. _____

**18 U.S.C. § 1343**
**18 U.S.C. § 982(a)(2)(A)**

UNITED STATES OF AMERICA

vs.

GLEB KLIONER,

      **Defendant.**

_____/

FILED BY_____KAN_____D.C.

Aug 17, 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

## INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1.      Bank 1 was a financial institution with offices located in the state of Florida whose accounts were insured by the Federal Deposit Insurance Corporation.

2.      Bank 2 was a financial institution with offices located in the state of Florida whose accounts were insured by the Federal Deposit Insurance Corporation.

3.      Victim Company was a Florida corporation, with its listed principal address in Alachua County, Florida.   Victim Company was the owner of a Bank 1 account ending in 1945 and the owner of a condominium in Bal Harbour, Florida ("the St. Regis condominium unit").

4.      Defendant **GLEB KLIONER**, a resident of Miami-Dade County, Florida, worked as a real estate agent at a real estate brokerage firm from in or around October 2018 through in or around July 2021.   **KLIONER** had a personal bank account at Bank 2 ending in 8122 and he was an authorized signer of Victim Company's Bank 1 account ending in 1945.

5.      Victim 1 was a resident of Dubai, United Arab Emirates and was a Director and the Vice President of Victim Company.

6.      Victim 2 was a resident of Dubai, United Arab Emirates and was a Director and the President of Victim Company.

## WIRE FRAUD
### (18 U.S.C. § 1343)

1.      Paragraphs 1 through 6 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2.      From in or around December 2020, through in or around May 2021, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**GLEB KLIONER,**

did knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Section 1343.

## PURPOSE OF THE SCHEME AND ARTIFICE

3.      The purpose of the scheme and artifice was for **GLEB KLIONER** to unlawfully enrich himself by misappropriating the victims' money for his personal use and benefit by making materially false and fraudulent representations and concealing and failing to state material facts concerning the victims' money.

2

## SCHEME AND ARTIFICE

4.      From in or around December 2020 through in or around February 2021, **GLEB KLIONER** repeatedly pressured Victim 1 and Victim 2 to sell their St. Regis condominium unit as well as a second condominium unit that they owned in Bal Harbour, Florida.   It was understood between Victim 1, Victim 2, and **KLIONER** that he would act as their real estate agent for both real estate transactions.

5.      Prior to the close of the sale, **GLEB KLIONER** falsely and fraudulently induced Victim 1 and Victim 2 to give **KLIONER** authority through a Corporate Resolution to sign the closing documents on behalf of Victim Company, the corporate owner of the St. Regis condominium unit.

6.      On or about February 24, 2021, Victim 1 and Victim 2 signed a Corporate Resolution authorizing **GLEB KLIONER** to execute and deliver on behalf of Victim Company, "such deeds, bills of sale, and other affidavits, agreements, closing statements, and such other documents as may be necessary or required in connection with the sale" of the St. Regis condominium unit.

7.      On or about March 10, 2021, **GLEB KLIONER**, on behalf of Victim 1 and Victim 2, closed on the sale of the St. Regis condominium unit.   **KLIONER** disregarded Victim 1's and Victim 2's request to send the proceeds to their foreign bank account and instead arranged to have the proceeds wired to Victim Company's Bank 1 account ending in 1945.   On March 10, 2021, the sale proceeds, $3,885,023.02, were wired to Victim Company's Bank 1 account ending in 1945.

8.      Thereafter, Victim 1 and Victim 2 asked **GLEB KLIONER** to wire the sale proceeds to their foreign bank account.   In response, for over two months, **KLIONER** falsely

and fraudulently represented to Victim 1 and Victim 2 that he could not immediately wire the money to Victim 1 and Victim 2 based on several false and fraudulent proffered reasons.

9.      On or about March 17, 2021, **GLEB KLIONER** wired almost all of the sale proceeds, $3,734,277.21, to his personal account at Bank 2 ending in 8122.   Subsequently, without the victims' knowledge or consent, from on or about March 17, 2021, through on or about April 26, 2021, **KLIONER** wired the victims' money to his Fidelity investment account. Thereafter, without the victims' knowledge or consent, **KLIONER** used the victims' money in speculative trading, and by May 31, 2021, **KLIONER** lost all of the victims' money through these speculative trades.

## USE OF WIRES

10.      On or about March 17, 2021, the defendant, for the purpose of executing the scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, did knowingly cause to be transmitted by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, that is, a wire transfer of approximately $3,734,277.21 from Victim Company Bank 1's account ending in 1945 to the defendant's Bank 2 account ending in 8122, in violation of Title 18, United States Code, Section 1343.

## FORFEITURE
### (18 U.S.C. § 982(a)(2)(A))

1.      The allegations in this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging criminal forfeiture to the United States of America of certain property in which the defendant, **GLEB KLIONER,** has an interest.

2.    Upon conviction of a violation of Title 18, United States Code, Section 1343, as alleged in this Indictment, the defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds the defendant obtained, directly or indirectly, as a result of the violation.

All pursuant to Title 18, United States Code, Section 982(a)(2)(A), and the procedures set forth at Title 21, United States Code, Section 853, as made applicable by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

FOREPERSON

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

YISEL VALDES
ASSISTANT UNITED STATES ATTORNEY

5

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

**v.**

GLEB KLIONER,

_____ /
Defendant.

CASE NO.: _____

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of counts _____

**Court Division** (select one)
☒ Miami   ☐ Key West   ☐ FTP
☐ FTL   ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) No_____
   List language and/or dialect: _____

4. This case will take ___5___ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                (Check only one)
   I    ☒ 0 to  5 days             ☐ Petty
   II   ☐ 6 to 10 days             ☐ Minor
   III  ☐ 11 to 20 days            ☐ Misdemeanor
   IV   ☐ 21 to 60 days            ☒ Felony
   V    ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) No_____
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No_____
   If yes, Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No_____
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of N/A_____
10. Defendant(s) in state custody as of N/A_____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No_____
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No_____
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No_____
15. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No_____

By: _____
Yisel Valdes
Assistant United States Attorney
Court ID No.   A5502330

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

<u>PENALTY SHEET</u>

**Defendant's Name:** <u>Gleb Klioner</u>

**Case No:** _____

Count #: 1

Wire Fraud _____

18 U.S.C. § 1343 _____
* **Max. Term of Imprisonment:** 20 years as to each count
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000 or not more than the greater of twice the gross gain or twice the gross
        loss _____

*Refers only to possible term of incarceration, supervised release and fines.   It does not include
restitution, special assessments, parole terms, or forfeitures that may be applicable.